NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

TRAVIS MEAT AND SEAFOOD COMPANY, INC., Respondent.

No. 78–1508.

United States Court of Appeals, Sixth Circuit.

Sept. 15, 1980.

* Hon. Thomas A. Ballantine, Judge, United States District Court for the Western District of Kentucky, sitting by designation.

Elliott Moore, Janet McCaa, Deputy Associate General Counsel, Susan Dolin, N. L. R. B., Washington, D. C., Curtis L. Mack, Dir., Region 10, N. L. R. B., Atlanta, Ga., for petitioner.

Ronald G. Ingham, Humphrey, Hutcheson & Moseley, Chattanooga, Tenn., for respondent.

* Honorable Charles W. Joiner, District Judge, United States District Court for the Eastern District of Michigan, Southern Division, sitting by designation.

Before WEICK and CELEBREZZE, Circuit Judges and JOINER, District Judge.*

## ORDER

This case is before the court on an application of the National Labor Relations Board, pursuant to § 10(e) of the National Labor Relations Act, for enforcement of an order issued against the Travis Meat and Seafood Company, Inc., issued on July 31, 1978.

The Board found that the respondent violated § 8(a)(1) of the Act (a) by stating to its employees during a union election campaign that the company was not free to grant wage increases during an organizing drive, (b) by discontinuing the company's merit wage increase program during the campaign, and (c) by distributing a post-election letter stating that wage increases and benefits would continue to be withheld until the union withdrew its election objections.

The Board's order required two things. First, it required the company to cease and desist from unfair labor practices found. Secondly, it required the company to make whole any and all of its employees for any loss of earnings they may have sustained because of the company's discontinuance of its merit wage program.

During an organizing drive, the company informed the employees that:

Companies are not free to give wage increases or other benefits as long as unions are on the scene. Although it is legal for any company to grant any wage increase it can justify as necessary, experience has shown that the union would probably file unfair labor practice charges against a company for such action. Rather than to have to fight these charges, a company would probably not give any wage increases during a union organizing drive.

Immediately following the election, the company responded to a union letter indicating that, if the union withdrew the ob-

jections to the election, "the legal restrictions on wages and benefits would be removed."

For the reasons stated below, all parts of the Board's order, except those parts requiring the company to make whole all of its employees for any loss of earnings which they may have sustained by reason of the company's discontinuance of its merit wage increase program, are found to be supported by substantial evidence and an enforcement judgment should enter. That part of the Board's order dealing with the direction to the company to make whole all of its employees for any loss of earnings which they may have sustained by reason of the company's discontinuance of its merit wage increase program is found to lack substantial support in the evidence and enforcement as to this part is denied.

■ The record establishes that the company has had a wage program involving regular wage increases for those who have been employed six months, and for those who have been employed for twelve months. Neither of these programs is affected by the company's action in this case. The reason that the remedy ordering the payment of other wage increases is not appropriate and not supported by the evidence is that there was no evidence in the case giving objective discernible criteria regarding the amount and timing of the merit increases so as to create any pattern or practice involving the giving of merit increases at a period beyond one year. These increases came sporadically, at varying intervals of time and for varying causes, negotiated by the employee on his request or awarded on the request of his or her supervisor. There was no standard time for the reviewing of employees. There was no standard amount regarding the range of increases. Such a program lacks definition that would permit the granting of increases during the course of an election. As such, it is beyond the power of the Board to order.

Under the facts of this case, the Board's findings are supported insofar as they relate to what the company said, and as to their communications with their employees, but are not supported as they relate to what the company did as this relates to its wage increase program beyond the one year period. Therefore, the Board's order is enforced in all respects except that part of it requiring the company to make whole all of its employees for any loss of earnings which they may have sustained by reason of the company's discontinuance of its merit wage program.